# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

DELMAR POLSTON                                                                    PLAINTIFF

V.                                   3:13CV00254 KGB/JTR

MISSISSIPPI COUNTY JUDGE, et al.                                          DEFENDANTS

## ORDER

Plaintiff, Delmar Polston, is a pretrial detainee in the Mississippi County Detention Facility ("MCDF"). He has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights.

## I.  Filing Fee

The fee for filing a § 1983 action in federal court is $400.[1]  Plaintiff has not paid the filing fee or filed an Application to Proceed *In Forma Pauperis*. If Plaintiff wishes to pursue this action, he must, within thirty days of the entry of this Order, either: (1) pay the $400 filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis,* along with a properly completed prison calculation sheet.

---

[1] On May 1, 2013, a $50 administrative fee was added to the $350 filing fee. However, that $50 administrative fee is waived for plaintiffs who are granted permission to proceed *in forma pauperis*. Thus, if Plaintiff is granted *in forma pauperis* status, he will be obligated to pay $350, instead of $400.

Plaintiff should be aware that, even if he is granted permission to proceed *in forma pauperis*, he still must pay the filing fee in full. 28 U.S.C. § 1915(b). The only difference is that, by being granted permission to proceed *in forma pauperis*, Plaintiff will be allowed to pay the filing fee in monthly installments taken from his institutional account, rather than all at once, at the time of filing his Complaint. *Id.* **Further, if Plaintiff's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the filing fee will be collected and no portion of this filing fee will be refunded to Plaintiff.**

## II.  Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

Plaintiff alleges that he is not being provided with constitutionally adequate medical for diabetes. *Doc. 1.* As Defendants, he has listed: (1) the Mississippi County Judge; (2) Sheriff Dell Cook; and (3) unspecified members of the MCDF medical staff. *Id.* The Court needs further information to complete § 1915A screening.

Thus, Plaintiff must file, within thirty days of the entry of this Order, an Amended Complaint clarifying: (1) how Mississippi County Judge and Defendant Cook *each* personally participated in the alleged denial of adequate medical care; and (3) the names of any of the MCDF medical staff that personally participated in the alleged denial of adequate medical care.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to send Plaintiff an Application to Proceed *In Forma Pauperis*, along with a prison calculation sheet.

2. Plaintiff must, **within thirty days of the entry of this Order**, either: (a) pay the $400 filing fee in full; or (b) file a properly completed Application to Proceed *In Forma Pauperis,* along with a properly completed prison calculation sheet.

3. Plaintiff must, **within thirty days of the entry of this Order**, file an Amended Complaint containing the specified information.

4.    Plaintiff is advised that the failure to timely and properly comply with any portion of this Order will result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this  24th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE